UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JAY KRAVITZ; and MICHAEL
STODDARD,

                Plaintiffs,

       -against-                                     9:12-CV-1011 (LEK/TWD)

BRIAN FISCHER, *et al.*,

                Defendants.

## DECISION and ORDER

### I. INTRODUCTION

This *pro se* action under 42 U.S.C. § 1983 comes before the Court following a Report-Recommendation filed on June 19, 2014, by United States Magistrate Judge Thérèse Wiley Dancks, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d). Dkt. No. 72 ("Report-Recommendation"). Judge Dancks recommends that Defendants' Motion for summary judgment be granted and Plaintiffs Jay Kravitz and Michael Stoddard's ("Plaintiffs") Complaint be dismissed with prejudice.[1] Report-Rec. at 31; Dkt. Nos. 53 ("Motion"); 1 ("Complaint"). Only Plaintiff Jay Kravitz ("Kravitz") filed Objections. Dkt. No. 76 ("Objections"). For the following reasons, the Report-Recommendation is adopted in its entirety.

### II. STANDARD OF REVIEW

When a party makes a timely objection to a Report-Recommendation, it is the duty of the Court to "make a *de novo* determination of those portions of the report or specified proposed

---

[1] The Motion for summary judgment was filed on behalf of all named Defendants other than Defendant Bell, who has yet to be served. See Mot.; see also Report-Rec. at 2. Plaintiffs have also named two unidentified Defendants. Compl. at 1.

findings or recommendations to which objection is made." 28 U.S.C. § 636(b). Where, however, an objecting "party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Farid v. Bouey, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (quoting McAllan v. Von Essen, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007)) (citations omitted); see also Brown v. Peters, No. 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).

## III. DISCUSSION

Kravitz first objects that Defendants impermissibly filed their Motion for summary judgment after the filing deadline had expired. Objs. at 1. However, Judge Dancks' Order dated January 17, 2014, explicitly granted Defendants an extension to file their Motion by February 12, 2014, and Defendants complied. Dkt. No. 52; Mot. Relatedly, Kravitz also objects that the Motion was improperly formatted as a motion to dismiss, rather than for summary judgment. Objs. at 2. Judge Dancks previously addressed this discrepancy, and by text order dated March 3, 2014, converted the Motion into one for summary judgment. Dkt. No. 54.

Kravitz next argues that Plaintiffs' failure to exhaust administrative remedies should be excused because "Plaintiffs were advised that the filing of a single grievance on the matter was sufficient to address the issue. Therefore, Plaintiffs were unfairly barred, by defendant employees, from exhausting administrative remedies under the PLRA." Objs. at 2.

Under Hemphill, a defendant may be estopped from presenting non-exhaustion as an affirmative defense where the "defendant's own actions inhibit[ed] the inmate's exhaustion of

2

remedies." Hemphill v. New York, 380 F.3d 680, 686 (citing Ziemba v. Wezner, 366 F.3d 161, 163 (2d Cir. 2004)). That Plaintiffs were "advised" that one grievance would be sufficient to address their issue is not equivalent to them being prevented from filing further grievances under the standard set forth in Hemphill. See, e.g., Sandlin v. Poole, 575 F. Supp. 2d 484, 488 (W.D.N.Y. 2008) (finding defendants estopped from asserting non-exhaustion defense due to defendants' "failure to provide grievance deposit boxes, denial of forms and writing materials, and a refusal to accept or forward plaintiff's appeals"). Furthermore, even assuming the unspecified grievance was denied, Plaintiffs have not alleged that they attempted, and were prevented, from appealing an unfavorable administrative decision. See id. Therefore, Plaintiffs have failed to show that they were prevented from filing grievances such that they could not exhaust administrative remedies.

Additionally, "the court should consider whether 'special circumstances' have been plausibly alleged that justify 'the prisoner's failure to comply with administrative procedural requirements.'" Hemphill, 380 F.3d at 686 (quoting Giano v. Goord, 380 F.3d 670, 675 (2d Cir. 2004)). "Findings of special circumstances have been primarily established where plaintiffs acted pursuant to reasonable interpretations of the regulations, thus preventing exhaustion. For example, in Hemphill, the Court remanded the case to the district court to consider the plaintiff's arguments that regulations were manifestly unclear and that he justifiably interpreted rules as permitting him to appeal directly to the Superintendent." Winston v. Woodward, No. 05 Civ. 3385, 2008 WL 2263191, at *10 (S.D.N.Y. May 30, 2008) (citing Hemphill, 380 F.3d at 689). Here, Plaintiffs have not alleged any form of misinterpretation of the regulations. Rather, Plaintiffs merely failed to appeal the alleged unfavorable administrative decision. Therefore, Plaintiffs have failed to show special circumstances excusing their failure to exhaust administrative remedies.

3

Kravitz next objects that Plaintiffs have sufficiently alleged a substantial claim of supervisor liability, as evidenced by insubordinate correctional officers ignoring their supervisors' directives and written procedures concerning inmates' observance of the Jewish holidays. Objs. at 3. However, Plaintiffs have not alleged any personal involvement by Defendants Fischer and Rasbatt, the only two supervisors named as defendants in this action. See Objs. at 3; Report-Rec. at 24. For that reason, Plaintiffs' argument must fail. See McKinnon v. Patterson, 568 F.2d 930, 934 (2d Cir. 1977) ("[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."); see also Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondent superior*.").

Finally, Kravitz argues that the Complaint establishes a "pattern of discrimination and harassment of Jewish inmates." Objs. at 3. The Court agrees with Judge Dancks that the alleged comments and threats made to members of the Jewish faith were "unprofessional, reprehensible, and totally unacceptable." Report-Rec. at 23. However, as Judge Dancks notes, verbal threats and harassment alone, even when they concern race or religion, do not constitute violations of an individual's constitutional rights under the First or Eighth Amendments. Id. at 23; see also Cole v. Fischer, 379 F. App'x 40, 43 (2d Cir. 2010).

Furthermore, to establish a pattern of religious discrimination, Plaintiffs must show "purposeful discrimination" by Defendants based on Plaintiffs' religion. Giano v. Senkowski, 54 F.3d 1050, 1057 (2d Cir. 1995) (citing Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985)). The evidence in the record does not support such a finding. Specifically, Plaintiffs concede that the Jewish inmates were provided with a "Holiday Booth" for group prayer during the Jewish holiday of

4

Sukkot; that Deputy of Programs Frank acted on behalf of Jewish inmates on a number of occasions, including attempts to condemn the disparaging remarks by certain correctional officers, as well as allocating funds for Jewish books; that the Jewish inmates were eventually provided "numerous excellent books" and permitted to participate in regular study sessions with a Rabbi; and that after Jewish inmates were provided books to study Judaism, the correctional facility's administration was "very kind-hearted towards the Jewish inmates." Report-Rec. at 8, 27, 29. Therefore, Plaintiffs have failed to allege sufficient facts to demonstrate a pattern of religious discrimination.

Having found Kravitz's Objections to be without merit, the Court reviews the remainder of the Report-Recommendation for clear error and finds none.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 72) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Defendants' Motion (Dkt. No. 53) for summary judgment is **GRANTED**; and it is further

**ORDERED**, that Plaintiffs' Complaint (Dkt. No. 1) is **DISMISSED with prejudice** against Defendants Bell, John Doe #1, and John Doe #2; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: August 22, 2014
Albany, NY

_____
Lawrence E. Kahn
U.S. District Judge